

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 11, 1957

Honorable Davis Bailey
County Attorney
Panola County
Carthage, Texas

Opinion No. WW-182.

Re: Whether Senate Bill 45, Acts
of the 55th Legislature,
Regular Session, has the ef-
fect of repealing Article
802-d of the Penal Code or is
cumulative of it.

Dear Mr. Bailey:

  This will acknowledge your request for an opinion
dated June 15, 1957, wherein you submit for our consideration
the following question:

  Whether Senate Bill 45, Acts of the 55th Leg-
islature, Regular Session, repeals Article 802-d
of the Penal Code or is cumulative of it?

  Senate Bill 45 was enacted by the 55th Legislature,
Regular Session, and was approved by the Governor on May 31,
1957.

  Section 1 of said bill reads as follows:

  "Any male minor who has passed his 14th
birthday but has not reached his 17th birthday,
and any female minor who has passed her 14th
birthday but has not reached her 18th birthday,
and who drives or operates an automobile or any
other motor vehicle on any public road or high-
way in this state or upon any street or alley
within the limits of any city, town or village,
or upon any beach as defined in Chapter 430,
Acts of the 51st Legislature, 1949, while under
the influence of intoxicating liquor, or who
drives or operates an automobile or any other
motor vehicle in such way as to violate any traf-
fic law of this state, shall be guilty of a mis-
demeanor and shall be punished by a fine of not
more than One Hundred Dollars ($100.00). As
used in this section, the term 'any traffic law
of this state' shall include the following stat-
tutes, as heretofore or hereafter amended:

"Chapter 42, Acts of the 41st Legislature,
Second Called Session, 1929;

"(Article 827a, Vernon's Texas Penal Code),
except Section 9a thereof; -

"Chapter 421, Acts of the 50th Legislature,
Regular Session, 1947 (Article 6701d, Vernon's
Texas Civil Statutes); Chapter 430, Acts of the
51st Legislature, Regular Session, 1949, (Arti-
cle 827f, Vernon's Texas Penal Code); and Arti-
cles 795 and 801, Texas Penal Code of 1925."

Section 2 provides that the offending minor shall
not be committed to jail in default of the payment of the
fine imposed, but the Court shall have the power to suspend
and take possession of such minor's driver's license and re-
tain the same until the fine is paid.

Section 3 makes it a misdemeanor for any such minor
to drive or operate a motor vehicle upon any public road, etc.,
without a valid driver's license.

Section 4 provides that the offenses created by the
act shall be under the jurisdiction of the courts regularly
empowered to try misdemeanors and not under the jurisdiction
of the juvenile courts.

The caption of Senate Bill 45 recites that the Bill
repeals Chapter 436, Acts of the 52nd Legislature, Regular
Session, 1951.  The latter act is codified as Article 802d of
Vernon's Penal Code and deals generally with the same subject
as Senate Bill 45.  Section 5 of Senate Bill 45, however, ex-
pressly repeals Chapter 436, Acts of the 51st Legislature,
Regular Session, 1949, which is a local game law relating to
the hunting of quail in Wood County.  We believe that the re-
pealing clause embodied in Section 5 of Senate Bill 45 is void
and of no force and effect whatever.  It cannot have the effect
of repealing the local game law cited for it is a subject not
germane to the purposes of Senate Bill 45 as shown by its cap-
tion.  A bill cannot embody more than a single subject.  Tex.
Const., Art. III, Section 35.  We further believe that the re-
mainder of Senate Bill 45 stands as enacted unaffected by the
nullity of Section 5.  This conclusion is supported by the rule
that where a statute embraces two or more subjects, one of
which is properly expressed in the title, the act is void only
as to so much thereof as is not so expressed, if the extran-
eous provisions relating to matters not within the title are
separable from the others.  39 Tex.Jur. pages 83-84; Texas-

Louisiana Power Co. v. Farmersville, 67 S.W.2d 235 (Comm.App.);
Young v. Chilton, 41 S.W.2d 505 (Civ.App. error dism.); Prid-
eaux v. Roark, 291 S.W. 868 (Comm.App.).

The subject matter covered by the remaining provi-
sions of Senate Bill 45 are properly expressed in the caption
and Section 5 is clearly separable from said provisions.

This leads us to the consideration of the effect of
Senate Bill 45 upon Chapter 436, Acts of the 52nd Legislature,
Regular Session, 1951 (codified as Article 802d of Vernon's
Penal Code), which reads in part as follows:

"Section 1.  Any minor who has reached his
or her fourteenth (14th) birthday but has not
reached his or her seventeenth (17th) birthday
and who drives or operates an automobile or any
other motor vehicle upon any public road or high-
way in this State, or upon any street or alley
within the limits of an incorporated city, town
or village, in a reckless manner, at an excess-
ive rate of speed, or while under the influence
of intoxicating liquors, as hereinafter defined
in this Act, shall be guilty of a misdemeanor
and upon conviction shall be punished by a fine
of not less than One Dollar ($1) nor more than
Fifty Dollars ($50).

"Sec. 2. (a) Any minor who drives any vehi-
cle in willful or wanton disregard of the rights
or safety of others or without due caution or
circumspection, and at a speed or in a manner so
as to endanger or be likely to endanger a person
or property shall be guilty of reckless driving.

"(b)  Any minor who operates a motor vehicle
at a speed in excess of the maximum speed allow-
able under existing law shall be guilty of speed-
ing.

"(c)  Any minor who drives or operates an
automobile or any other vehicle while such person
is intoxicated or under the influence of intoxi-
cating liquors shall be guilty of driving or oper-
ating a motor vehicle while under the influence of
intoxicating liquors.

"Sec. 3.  Provided that for good cause shown,
and when it shall appear to the satisfaction of

the court that the ends of justice and the best
interest of the public as well as the defendant
will be subserved thereby, the courts of the
State of Texas having original jurisdiction of
such criminal actions shall have the power after
conviction or plea of guilty to suspend the im-
position of such fine and may place the defend-
ant on probation for a period of ninety (90)
days.

"Any such minor placed on probation shall
be under the supervision of such court."

Repeals of statutes are of two kinds, express and
implied. Hence in the absence of an express declaration, an
act is not to be regarded as repealed unless this has been
done by implication. The question of repeal, whether express
or implied, is one of legislative intent. 39 Tex.Jur. pages
130-131. First National Bank v. Lee County Cotton Oil Co.,
274 S.W. 127.

Although the caption of Senate Bill 45 declares that
it is the purpose of said bill to repeal Chapter 436, Acts of
the 52nd Legislature, Regular Session, 1951 (codified as Arti-
cle 802d, Vernon's Penal Code), such recitation cannot consti-
tute an express repeal of said Act, for the caption cannot
declare substantive law but merely announces the subject or
scope of the proposed legislation. We do believe, however,
that since the question before us is one of legislative intent
that the caption can be looked to in order to ascertain such
intent. The foregoing recitation in the caption, together with
the recitation in the emergency clause to the effect that "the
present law is inadequate to assure observance of traffic laws
by minors who are subject to this Act" evidences a clear legis-
lative intent that Senate Bill 45 should repeal Chapter 436,
Acts of the 52nd Legislature, Regular Session, 1951 (codified
as Article 802d of Vernon's Penal Code). Without detailing
the points of conflict, we further believe that the provisions
of Senate Bill 45 are so in conflict with the provisions of
Article 802d that the two acts cannot be harmonized, and hence
the last expression of the Legislature upon the subject, same
being Senate Bill 45, must prevail.

## SUMMARY

Senate Bill 45, Acts of the 55th Legislature,
Regular Session, repeals by implication Chapter 436,

Acts of the 52nd Legislature, Regular Session, 1951
(same being codified as Article 802d of Vernon's
Penal Code.).

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Leonard Passmore
Assistant

LP:pf:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Marietta McGregor Payne
Roger I. Daily
Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn